FILED
2015 Apr-10  PM 04:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| DONTREL A. MOSELY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO.: |
| | ) | |
| JIM BURKE AUTOMOTIVE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

COMES NOW the Defendant, Jim Burke Automotive, Inc., pursuant to 28 U.S.C. Section 1441 et. seq., and files this Notice of Removal of this action from the Circuit Court of Jefferson County, Alabama, where it is now pending under case number CV 2015-901046, to the United States District Court for the Northern District of Alabama, Southern Division, and as grounds therefore, shows as follows:

1.     This action was commenced on March 13, 2015, by the filing of a summons and complaint in the Circuit Court of Jefferson County, Alabama, a court within the Southern Division of the United States District Court for the Northern District of Alabama.  A copy of all pleadings and process served upon the Defendant is attached hereto and marked as collective Exhibit "A".

2.     In the Complaint, the Plaintiff states that this "action arises out of the Defendant's pattern and practice of unauthorized procurement and subsequent impermissible use of consumer credit reports", in violation of the Fair Credit Reporting Act, and alleges three counts related thereto: (1) negligent failure to comply with the requirements of the Fair Credit Reporting Act; (2) willful failure to comply with the requirements of the Fair Credit Reporting Act; and (3) obtaining the Plaintiff's consumer credit report without a permissible purpose.   The Plaintiff also alleges the following state law claims, in connection with the Defendant's alleged actions in obtaining and using the Plaintiff's consumer credit report: (1) willfulness, wantonness, negligence and recklessness; (2) violation of Alabama Consumer Identity Protection Act, *Alabama Code* § 13A-8-190 *et seq.*; (3) invasion of privacy; and (4) fraud, deceit, suppression and/or misrepresentation.

3.     The Defendant was first served with and received notice of this civil action when served with the Summons and Complaint (Exhibit "A") on March 19, 2015, within 30 days from the date of this removal.

4.     This case is a Civil Action within the meaning of the Acts of Congress relating to the removal causes.  The Defendant has filed no pleadings or papers in the action in State Court and the time in which the Defendant is required by State

2

law or rules to answer or plead to the Plaintiff's Complaint has not expired. There are no other process, pleadings or orders that were served upon the Defendant, other than contained in Exhibit "A."

5.    This case is properly removable pursuant to 28 U.S.C. Section 1441, 1441(a) because this Court has original jurisdiction of this case under 28 U.S.C. Section 1331.

6.    While the Fair Credit Reporting Act, 15 U.S.C. § 1681p, states that an action to recover for liability under the Act "may be brought in any appropriate United States district court … or in any other court of competent jurisdiction", the Eleventh Circuit has held that a Fair Credit Reporting Act action, once started in state court, is removable to federal court. *See Lockard v. Equifax, Inc.*, 163 F.3d 1259, 1263-65 (11th Cir. 1998).

7.    This Court, pursuant to 28 U.S.C. § 1367(a), has supplemental jurisdiction over the Plaintiff's apparent state law claims because the alleged violations of the Fair Credit Reporting Act and the alleged state law claims arise out of a common nucleus of operative facts and should be tried in one action, and, therefore, form part of the same case or controversy.

8.    This Notice of Removal is filed within 30 days of the service of the Summons and Complaint upon the Defendant.

9.     Accordingly, removal of the entire case is proper under 28 U.S.C. § 1441.

10.    Written notice of the filing of this Notice of Removal has been served upon

       Plaintiff's counsel and upon the Clerk of the Circuit Court of Jefferson County,

       Alabama.

11.    The Defendant reserves the right to amend or supplement this Notice of

       Removal.


       WHEREFORE, for the foregoing reasons, the Defendant, Jim Burke

Automotive, Inc., prays that this Court will take jurisdiction of this action and issue

all necessary orders and process to remove this action from the Circuit Court of

Jefferson County, Alabama, to the United States District Court for the Northern

District of Alabama, Southern Division.


                            Respectfully Submitted,

                            /s/ Jeffrey L. Ingram

                            /s/ Cassandra H. Kalupa

                            _____

                            Jeffrey L. Ingram, ASB-8270-M74J
                            Cassandra Harris Kalupa, ASB-2841-D52H


                                        4

OF COUNSEL:
GALESE & INGRAM, P.C.
800 Shades Creek Pkwy, Suite 300
Birmingham, Alabama 35209
Telephone:  (205) 870-0663
Facsimile:  (205) 870-0681
E-mail:        jeff@galese-ingram.com
                   sandy@galese-ingram.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2015, I electronically filed the above with the Clerk of Court and e-mailed the above and foregoing pleading, to the following:

Thomas C. Donald
Law Office of Thomas C. Donald, LLC
cdonald@donaldlawfirm.com

Michael E. Parrish
Parrish & Theus, LLC
mike.parrish@parrish-theus.com

/s/ Cassandra H. Kalupa
_____
Of Counsel

5

# EXHIBIT "A"

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br><br>01-CV-2015-901046.00 |
| --- | --- | --- |

IN THE CIRCUIT COURT OF JEFFERSON COUNTY

DONTREL A. MOSELY V. JIM BURKE AUTOMOTIVE, INC.

JIM BURKE AUTOMOTIVE, INC., C/O/ JOHN M. GALESE 800 SHADES CREEK PKWY, SUITE 300, BIRMINGHAM, AL 35209

NOTICE TO

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY THOMAS CHRISTOPHER DONALD

WHOSE ADDRESS IS 1707 29th Court South, BIRMINGHAM, AL 35209

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    DONTREL A. MOSELY

pursuant to the Alabama Rules of the Civil Procedure

Date   3/13/2015 4:25:49 PM        /s/ ANNE-MARIE ADAMS

Clerk/Register

JEFFERSON COUNTY, ALABAMA

716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL 35203

☑ Certified Mail is hereby requested        /s/ THOMAS CHRISTOPHER DONALD
                                             Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on  _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to  _____

_____ in _____ County, Alabama on _____
                                                                              (Date)

_____        _____        _____
Date                          Server's Signature              Address of Server

_____        _____        _____
Type of Server                Server's Printed Name

                                                             _____
                                                             Phone Number of Server

ELECTRONICALLY FILED
3/13/2015 4:25 PM
01-CV-2015-901046.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**CIVIL DIVISION**

| | | |
|---|---|---|
| DONTREL A. MOSELY | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: |
| | ) | |
| JIM BURKE AUTOMOTIVE, INC., an Alabama | ) | |
| Corporation; | ) | **PLAINTIFF DEMANDS TRIAL BY** |
| FICTITIOUS DEFENDANTS Nos. 1 through 10, | ) | **STRUCK JURY** |
| whether singular or plural, that entity or those | ) | |
| entities, who or which wantonly negligently, | ) | |
| fraudulently or through any actionable conduct, | ) | |
| caused or brought about the condition by which | ) | |
| Plaintiff was injured; | ) | |
| | | |
|    Defendants. | | |

## COMPLAINT

COMES NOW the Plaintiff, as named above, by and through his undersigned counsel, and

asserts the following claims for relief, as follows:

## INTRODUCTION

1.  This action arises out of the Defendant's pattern and practice of unauthorized procurement

    and subsequent impermissible use of consumer credit reports.  Defendant conducted and

    participated in such activity in complete disregard of the Plaintiff's lack of authorization for

    such reports, and when the Plaintiff was not a party to any transaction or any contract for

purchase or financing of any vehicle from the Defendant dealership Jim Burke Automotive, Inc. Defendant, as part of its routine course of business, participates in such unlawful and surreptitious activity in an effort to maximize the profit made by Defendant through vehicle sales, sale of commercial paper and consumer financing. The unauthorized procurement and use of a consumer credit report is, *inter alia*, a violation of the Fair Credit Reporting Act, codified at 15 USC § 1681 *et seq*, hereinafter referred to as the "FCRA." These acts constitute and are part of a predatory lending scheme and predatory sales practices carried out by Defendant. Plaintiff requests this Court put an end to such practices

## PARTIES

2. The Plaintiff, **Dontel A. Mosely** (hereinafter Plaintiff), is an individual over the age of nineteen (19) years, and a resident of Jefferson County, Alabama.

3. The Defendant, **Jim Burke Automotive, Inc.,** is an Alabama Corporation, engaged in the sale of automobiles in Jefferson County, Alabama, whose principal place of business is located at 1301 5th Avenue North, Birmingham, AL 35203.

4. The **Fictitious Defendants 1 through 10**, whether singular or plural, entity or entities, whose negligence, recklessness, and/or wantonness proximately caused or contributed to cause the damages suffered by Plaintiff on the date and occasion made the basis of this lawsuit.

5. Plaintiff avers that the identities of the fictitious parties, Defendant(s) herein, are otherwise unknown to Plaintiff at this time or, if their names are known to Plaintiff, their identities as proper parties defendants are not known to Plaintiff at this time, and their true names will be substituted by amendment when ascertained.

## AGENCY AND CULPABILITY OF A DEFENDANT FOR
## ACTS/OMISSIONS OF OTHERS

6.   In doing the acts and omission herein alleged, Plaintiff alleges that Defendants conspired with each other and/or with other individuals or entities presently unknown to Plaintiff, to engage in the conduct made the subject of this Complaint, and acted as agents of one another, pursuant to a common goal or scheme to carry out the wrongful patterns of conduct herein alleged and to conceal the same.

## RESPONDEAT SUPERIOR LIABILITY

7.   As the principal of its employees and agents, Defendants are liable to Plaintiff for any and all damages suffered by Plaintiff as a result of the unlawful acts of Defendant's employees and agents.

## ALTERNATIVE PLEADINGS

8.   Plaintiff alleges that the occurrences made the subject of this complaint require that Plaintiff plead one or more of the following counts, or, in some cases, one or more of the individual claims thereof, in the alternative, where inconsistency arises in their application.

## VII.   FACTUAL ALLEGATIONS

9.   Plaintiff hereby incorporates and adopts each of the above and foregoing allegations and material averments as if fully set forth herein.

10.   On or about October 7, 2014, Plaintiff contacted Defendant automobile dealership by telephone to inquire about vehicle financing offered by the Defendant.  Plaintiff spoke on the

3

telephone with Defendant's employee salesman, Reginald Coleman ("Coleman").  During the conversation, and at the request of Coleman, Plaintiff provided personal and/or personally identifying information to Coleman.  Coleman represented to Plaintiff that this information would be entered in Defendant's "computer system" so that when the Plaintiff later visited the dealership, the information would be readily available to the dealership personnel.  Plaintiff told Coleman that he did not want Coleman or Defendant to "pull" his credit or do anything with the information Plaintiff provided other than use it to create a "customer file" in case Plaintiff was later interested in having Defendant obtain financing for Plaintiff in connection with a vehicle purchase transaction.

11.    Plaintiff did not sign any contract, or enter into any agreement, in any form, providing authorization or right for Defendant to obtain Plaintiff credit report.  At no time did Plaintiff give permission to any Defendant to obtain Plaintiff's consumer credit report for any reason, or for any Defendant to take any action which would result in any other person or entity to obtain Plaintiff's consumer credit report for any reason.  Defendant never made Plaintiff a "firm offer" in connection with obtaining Plaintiff's credit report.

12.    On or about October 7, 2014, Defendant, obtained Plaintiff's credit report using the information Plaintiff provided to Coleman.

13.    On or about October 7, 2014, and possibly other occasions, Defendant caused credit inquiries to be made on Plaintiff's consumer credit report approximately eight times by various banks and financial institutions, including, but not limited to, Alabama Central Credit Union, Compass Bank, TD Auto Finance, Acceptance Loan Company, Wells Fargo, SunTrust Bank, Chrysler Capital, Capital One Auto Finance, (hereinafter "Financing

Companies") as well as by "Jim Burke Nissan via NCC/Jim Burke Automotive" <u>resulting in at least nine inquiries becoming part of Plaintiff's consumer credit report</u>.

14.     As the result of the forgoing, it is now erroneously reported on Plaintiff's credit report that Plaintiff applied for credit on said date, and possibly other dates.

*How the FRCA applies to the Plaintiff's circumstance*

15.     Plaintiff is a "consumer" as defined by § 1681a(c) of the FCRA.

16.     Defendant is both a "person" and a "user" of consumer credit and other financial information, as said terms are defined and contemplated respectively, under the FCRA.

17.     Employees and agents of Defendant are both "persons" and "natural persons," as said terms are contemplated and defined under the FCRA, respectively.

18.     Finance Companies provided to Defendant information that constitutes a "consumer credit report," as that term is defined by the FCRA.

19.     Defendant obtained a consumer credit report on the Plaintiff under false pretenses and without a permissible purpose on each and every occasion that a Financing Company provided Defendant with a decision regarding financing for Plaintiff.     Defendant's employees and agents, while acting for and on behalf of Defendant, and while performing activities within the scope of their business relationship with Defendant, requested, obtained and used Plaintiff's consumer credit report approximately nine times on or around October 7, 2014.

20.     At all relevant times, employees and agents of Defendant, including Reginald Coleman, engaged by Defendant for the purpose of sales, office administration and/or tasks related to

Defendant's business, had access to computer hardware and software allowing them to, among other things, request and obtain consumer credit and other financial information on behalf of or for the benefit of Defendant. Here, Defendant used such equipment to obtain Plaintiff's credit report by falsely certifying that the Plaintiff was requesting such information, by impersonating the Plaintiff, and by using Plaintiff's fraudulently obtained personal information in such a manner as to obtain private financial information of the Plaintiff without right or permission.

21.     Defendant and Defendant's employees and agents did not have a lawful purpose for requesting, obtaining and using Plaintiff's consumer credit report from Finance Companies, and therefore Defendant's request, acquisition and use of Plaintiff's consumer credit report was in violation of the FCRA.

22.     As the proximate result of the aforementioned conduct of the Defendants, Plaintiff's access to credit has been compromised, and continues to be compromised, by imparting to past, present and future credit grantors, that Plaintiff has applied for credit on the multiple occasions made the subject of this complaint, resulting in actual damages through increased costs of credit or declined credit, as well as other costs incurred by Plaintiff, including, but not limited to, the costs and expenses of this action.

## VIII. CAUSES OF ACTION

### COUNT ONE: WILLFULNESS, WANTONESS, NEGLIGENCE and/or RECKLESSNESS

23.     Plaintiff hereby incorporates and adopts each of the above and foregoing allegations and material averments as if fully set forth herein.

6

24.    Defendant owed Plaintiff a duty not to be willful, wanton, negligent and/or reckless in its conduct toward Plaintiff.

25.    Defendant conduct, and Defendant's employees' and agents' conduct, was willful, wanton, negligent and/or reckless in its retention and use of Plaintiff's personal information obtained from Plaintiff.

26.    Defendant and Defendant's employees' and agents' conduct,was willful, wanton, negligent and/or reckless in its conduct as to the Plaintiff in that Defendant caused Plaintiff's consumer credit report to contain inquiries and information that damaged Plaintiff.

27.    Defendant's and Defendant's employees' and agents' failure to comply with the FCRA when it requested, obtained and used the Plaintiff's consumer credit report was negligent and negligent per se, as contemplated under 15 U.S.C. § 1681o of the FCRA and under Ala.Code § 13A-8-190 (Alabama's "Consumer Identity Protection Act").  As a result of said conduct by Defendant, Plaintiff has been damaged.

28.    In the alternative, Defendant's failure to comply with the FCRA when it requested, obtained and used the Plaintiff's consumer credit report was willful, as contemplated under 15 U.S.C. § 1681n of the FCRA and under Ala.Code § 13A-8-190 (Alabama's "Consumer Identity Protection Act").  As a result of said conduct by Defendant, Plaintiff has been damaged.

29.    In the alternative, Defendant's request for, acquisition of and use of the Plaintiff's consumer credit report constituted the knowing and willful receipt of information on a "consumer" (as said term is defined under the FCRA) under false pretenses, as contemplated under 15 U.S.C. § 1681n and § 1681q of the FCRA and under Ala.Code § 13A-8-190

(Alabama's "Consumer Identity Protection Act").  As a result of said conduct by Defendant, Plaintiff has been damaged.

*Defendant's Negligent hiring, Negligent Supervision, and Negligent Retention of Employees*

30.     Defendant owed Plaintiff a duty of care and professionalism in the rendition of the services rendered, in training and supervising its employees to perform those services in full compliance with the laws of the State of Alabama and the Federal Government, in not engaging or allowing its agents to engage in the wrongful practices herein alleged, in not suppressing or concealing such activities, or enabling its agents to do so, and in not terminating or otherwise disciplining those employees or agents known to have violated company policies, state and federal laws or regulations by engaging in the misconduct herein alleged.

31.     Defendant owed duties to Plaintiff in putting forth loyal, honest, and fair dealing employees or agents who act in compliance with State laws regarding the proper method utilized for credit inquiry and Defendant's superior knowledge of those respective industries, its practices, and Defendant's practices.  Defendant's negligent retention of employees known to have engaged in the misconduct described herein acted as ratification of such misconduct.  The Defendant breached the duties it owed to Plaintiff, and such breaches arise out of the negligent or wanton conduct of the Defendant and those who acted in concert or conspiracy with them or acted as their agents, servants or employees, and in the line and scope of their business and contractual and statutory and regulatory duties, in order to

preserve and protect the financial interest of the Defendant and those who acted in concert or conspiracy with them.

32.     Defendant knew, or should have known, of the wrongful or fraudulent practices engaged in by its employees or agents, and knew or should have known that its own training, supervision and retention practices were inadequate to fulfill its obligation to protect the public and the Plaintiff.   Defendant knew, or should have known, that its policies and practices in training, supervising, and retaining such employees were inadequate to prevent or detect the misconduct described herein, and such inadequate policies and practices were an actual and proximate cause of Plaintiff's injuries.

33.     Plaintiff has incurred damages proximately caused by Defendant's negligence in training, supervising, and retaining its employees and/or agents.

34.     By its conduct the Defendant breached said duties to Plaintiff and were wanton, negligent and/or reckless.

35.     As a proximate result of the aforementioned conduct of Defendant, and Defendant's employees and agents, Plaintiff was caused to suffer loss of monies, incidental and consequential damages, as well as severe mental anguish and emotional distress.

36.     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court will award damages in an amount the Court deems appropriate to compensate Plaintiff, for his loss of monies, incidental and consequential damages, severe mental anguish and emotional distress, in an amount to be determined by a jury, as well as attorney's fees and costs of this proceeding, and punitive damages to deter such conduct in the future.

## COUNT TWO:  VIOLATION OF THE FCRA - NEGLIGENT FAILURE TO COMPLY WITH REQUIREMENTS OF FCRA

37.    Plaintiff hereby incorporates and adopts each of the above and foregoing allegations and material averments as if fully set forth herein.

38.    Defendant  negligently failed to comply with the FCRA when it obtained credit reports on the Plaintiff from the Finance Companies under false pretenses or knowingly without a permissible purpose.

39.    Defendant negligently failed to comply with the FCRA when it used credit reports on the Plaintiff obtained from the Finance Companies under false pretenses or knowingly without a permissible purpose.

40.    Defendant negligently failed to comply with the FCRA when it obtained credit reports on the Plaintiff from the Finance Companies by false certification of a permissible purpose contrary to 15 U.S.C. § 1681e.

41.    Pursuant to 15 U.S.C. § 1681o, any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (i) any actual damages sustained by the consumer as a result of the failure and (ii) in the case of any successful action to enforce any liability under 15 U.S.C. § 1681o, the costs of the action together with reasonable attorneys' fees.

42.    As a result of Defendant's negligent failure to comply with the FCRA, Defendant is liable to the Plaintiff in an amount equal to the sum of (i) any actual damages sustained by the Plaintiff as a result of said failure and (ii) the costs of this action together with reasonable attorneys' fees.

43.   WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court will award damages in an amount the Court deems appropriate to compensate Plaintiff, for his loss of monies, incidental and consequential damages, severe mental anguish and emotional distress, in an amount to be determined by a jury, as well as attorney's fees and costs of this proceeding, and punitive damages to deter such conduct in the future.

## COUNT THREE: VIOLATION OF THE FCRA - WILLFUL FAILURE TO COMPLY WITH REQUIREMENTS OF FCRA

44.   Plaintiff hereby incorporates and adopts each of the above and foregoing allegations and material averments as if fully set forth herein.

45.   Defendant willfully failed to comply with the FCRA when it obtained and used credit reports on the Plaintiff, including, but not limited to, credit reports obtained from the Finance Companies, under false pretenses or knowingly without a permissible purpose.

46.   Defendant willfully failed to comply with the FCRA when it obtained and used credit reports on the Plaintiff from the Finance Companies by false certification of a permissible purpose contrary to 15 U.S.C. § 1681e.

47.   Pursuant to 15 U.S.C. § 1681n, any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (i) any actual damages sustained by the consumer as a result of the failure or damages or not less than $100.00 and not more than $1,000.00; (ii) such amount of punitive damages as the court may allow; and (iii) in the case of any successful action to enforce any liability under 15 U.S.C. § 1681n, the costs of the action together with reasonable attorneys' fees.

48.     As a result of Defendant's willful failure to comply with the FCRA, Defendant is liable to the Plaintiff in an amount equal to the sum of (i) any actual damages sustained by the Plaintiff as a result of the failure or damages of not less than $100.00 and not more than $1,000.00 for each such violation; (ii) such amount of punitive damages as the court may allow; and (iii) the costs of this action together with reasonable attorneys' fees.

49.     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court will award damages in an amount the Court deems appropriate to compensate Plaintiff, for his loss of monies, incidental and consequential damages, severe mental anguish and emotional distress, in an amount to be determined by a jury, as well as attorney's fees and costs of this proceeding, and punitive damages to deter such conduct in the future.

## COUNT FOUR: VIOLATION OF THE FCRA - OBTAINING CONSUMER CREDIT REPORT WITHOUT PERMISSIBLE PURPOSE

50.     Plaintiff hereby incorporates and adopts each of the above and foregoing allegations and material averments as if fully set forth herein.

51.     As described herein, Defendant obtained Plaintiff's credit report without a permissible purpose, and through the use of fraudulently obtained information and by impersonating the Plaintiff.

52.     Pursuant to 15 U.S.C. § 1681n, any natural person who obtains a consumer credit report under false pretenses or knowingly without a permissible purpose under 15 U.S.C. § 1681b is liable to that consumer in an amount equal to the sum of (i) any actual damages sustained by the consumer as a result of the failure or $1,000.00, whichever is greater, for each impermissible access of his credit report; (ii) such amount of punitive damages as the court may allow; and (iii)

in the case of any successful action to enforce any liability under 15 U.S.C. § 1681n, the costs of the action together with reasonable attorneys' fees.

53.     As a result of Defendant's request and receipt of a consumer credit report under false pretenses or knowingly without a permissible purpose, Defendant is liable to the Plaintiff in an amount equal to the sum of (i) any actual damages sustained by the Plaintiff as a result of the failure or $1,000.00, whichever is greater, for each impermissible access of his credit report; (ii) such amount of punitive damages as the court may allow; and (iii) the costs of this action together with reasonable attorneys' fees.

54.     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court will award damages in an amount the Court deems appropriate to compensate Plaintiff, for his loss of monies, incidental and consequential damages, severe mental anguish and emotional distress, in an amount to be determined by a jury, as well as attorney's fees and costs of this proceeding, and punitive damages to deter such conduct in the future.

## COUNT FIVE: THEFT OF IDENTITY

55.     Plaintiff hereby incorporates and adopts each of the above and foregoing allegations and material averments as if fully set forth herein.

56.     Alabama's "Consumer Identity Protection Act" is codified at Ala.Code § 13A-8-190 *et seq*. This Act, found in the Alabama Criminal Code, provides for both criminal and civil remedies where a person's identifying information is used to perpetrate a crime as defined under the Act.

57.     § 13A-8-191 (2) defines "identifying information" to include, but not limited to, a person's name, social security number, financial services account numbers, and any other numbers or information that can be used to obtain or act as identification.

58.     § 13A-8-192 provides that "a person commits the crime of identity theft if, without authorization, consent or permission of the victim, and with the intent to defraud for his or his own benefit or the benefit of a third person, he or he does any of the following: (1) Obtains records, or accesses identifying information that would assist in accessing financial resources, obtaining identification documents or obtaining benefits of the victim."

59.     § 13A-8-199 provides a civil remedy, in addition to other remedies provided by law, under which the "victim" may recover the greater of $5000.00 or three times actual damages for each incident, plus attorney's fees and court costs.

60.     Plaintiff is a "victim" as defined under the Consumer Identity Protection Act.

61.     Defendant used Plaintiff's identifying information without permission, with intent, for their own profit, for the purpose of defrauding the Plaintiff, all in such a way as to have committed the crime of identity theft as defined under the Consumer Protection Act each time it submitted Plaintiff's information for the purpose of receiving Plaintiff's credit information.

62.     Defendant is liable to Plaintiff under the Consumer Identity Protection Act for all remedies available to him under the Act.

63.     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court will enter a judgment against the Defendant in this action, and award damages in an amount the Court deems appropriate to compensate Plaintiff, for his loss of monies, incidental and consequential damages, severe mental anguish and emotional distress, in an amount to be

determined by a jury, as well as attorney's fees and costs of this proceeding, and punitive damages to deter such conduct in the future.

## COUNT SIX: INVASION OF PRIVACY

64.   Plaintiff adopts the averments and allegations of each and every paragraph included in the above and below paragraphs as if fully set forth herein.

65.   The actions taken by Defendant in obtaining personal and private credit reports and credit information regarding the Plaintiff constitute an invasion of privacy.

66.   Defendant's obtaining of Plaintiff's credit reports was systematic and continuous in number and made in disregard of the Plaintiff's right to privacy and was an unreasonable intrusion upon the seclusion of Plaintiff.

67.   Defendant's actions caused unwarranted publicity, wrongful intrusion, and unwarranted exploitation of Plaintiff's private financial and credit information which has disrupted and harmed Plaintiff in such a manner as to cause outrage, mental suffering, shame, and humiliation to any person with ordinary sensibilities.

68.   As a proximate result, Plaintiff was caused to suffer financial injury, including loss of credit, loss of credit worthiness, worry, humiliation, loss of sleep, anxiety, nervousness, emotional distress, fright, physical illness and pain, mental anguish, as well as injury and damage to his reputation.

69.   WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court will award damages in an amount the Court deems appropriate to compensate Plaintiff, for his loss of monies, incidental and consequential damages, severe mental anguish and emotional distress, in the amount to be determined by the Court as well as attorney's fees and costs of this

proceeding, and punitive damages to deter such conduct in the future.

## COUNT SEVEN: FRAUD, DECEIT, SUPPRESSION AND/OR MISREPRESENTATION

70.      Plaintiff hereby incorporates and adopts each of the above and foregoing allegations as if fully set forth herein.

71.      On or about October, 2014, during a telephone conversation between Plaintiff and Defendant's agent, Reginald Coleman, the Defendant, by and through its agents and employees, including, but not limited to, Reginald Coleman, knowingly and intentionally, and with intent to deceive Plaintiff, represented to Plaintiff that Defendant needed Plaintiff's personal information and personally indentifying information for the sole purpose of creating a customer file, and not for any other use, and expressly and specifically not for the purpose of obtaining Plaintiff's credit report or "running" Plaintiff's credit.

72.      Plaintiff reasonably relied on the foregoing representations by, including, but not limited to, providing Defendant with his personal and personally identifying information, including, but not limited to, Plaintiff's full name, Plaintiff's phone number, Plaintiff's address, Plaintiff's email address, Plaintiff's birth date, Plaintiff's employer and duration of employment, Plaintiff's occupation, Plaintiff's income, and Plaintiff's social security number.

73.      On or about October 7, 2014, Defendant used the aforementioned information provided by the Plaintiff to obtain Plaintiff's credit report in contradiction of Defendant's representations to Plaintiff and without Plaintiff's authorization.

74.      Said representations of the Defendant were false.    The Defendant knew said representations were false and intentionally made said representations, thereby causing the Plaintiff to reasonably rely upon them.

75.    As a proximate result of the conduct of Defendant, the Plaintiff was caused injury, incidental and consequential damages, including, <u>but not limited to</u>:

  a) damage to his credit;

  b) loss of credit;

  c) loss of borrowing power;

  d) damage to reputation;

  e) as well as severe mental anguish, emotional distress and anxiety.

76.    WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court will award damages in an amount the Court deems appropriate to compensate the Plaintiff for his loss of monies, incidental and consequential damages, severe mental anguish and emotional distress, attorney's fees and costs of this proceeding, as well as punitive damages to deter such conduct in the future.

**PLAINTIFF DEMANDS A TRIAL ON ALL ISSUES BY STRUCK JURY**

Respectfully Submitted,

*/s/ Thomas C. Donald*
Thomas C. Donald
ASB-6795-A47D, DON041
Law Office of Thomas C. Donald, LLC
1707 29th Court South
Birmingham, AL 35209
Phone: 205 985 2309
Email: cdonald@donaldlawfirm.com

*/s/ Michael E. Parrish*
Michael E. Parrish
ASB-5747-S69M, PAR075
PARRISH & THEUS, LLC
P.O. Box 590067
Birmingham, AL 35259-0067

Phone: 205 326 0026
Email: mike.parrish@parrish-theus.com

PLAINTIFF HAS SERVED DEFENDANTS AT THE FOLLOWING ADDRESS:

**Jim Burke Automotive, Inc.**
c/o John M. Galese
800 Shades Creek Parkway
Suite 300
Birmingham, AL 35209

((⊓⊔))   3/13/2015 4:25 PM
                                                    -901046.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

# IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## CIVIL DIVISION

| | | |
|---|---|---|
| DONTREL A. MOSELY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: |
| | ) | |
| JIM BURKE AUTOMOTIVE, INC., an Alabama | ) | |
| Corporation; | ) | **PLAINTIFF DEMANDS TRIAL BY** |
| FICTITIOUS DEFENDANTS Nos. 1 through 10, | ) | **STRUCK JURY** |
| whether singular or plural, that entity or those | ) | |
| entities, who or which wantonly negligently, | ) | |
| fraudulently or through any actionable conduct, | ) | |
| caused or brought about the condition by | ) | |
| whichPlaintiff was injured; | ) | |
| | ) | |
| Defendants. | | |

## PLAINTIFF'S FIRST INTERROGATORIES AND
## REQUESTS FOR PRODUCTION

Come now the Plaintiffs in the above styled cause, by and through her undersigned attorney, and requests that the Defendants answer the following interrogatories, separately and severally, within the time allowed by the Rules of Civil Procedure. In addition, Plaintiffs request that the defendants attach a copy of each and every document referred to in any of the interrogatories or in Defendants' responses thereto.

## DEFINITIONS

As used herein:

1. "Person" means and includes natural persons, corporations, partnerships, associations, or any type of entity, and agents, servants, employees and representatives thereof.

2.  The term "identify" when used in reference to an individual person means to state his or her full name and present business and home address, his or her present business and home phone number, and his or her present or last known business affiliation.

3.  As used herein, the term "document" means every writing and record of every type and description, including, but not limited to, correspondence, memoranda and written notes, checks, check registers, books and accounting, computer cards, printouts, tapes, discs and records of all types, minutes of meetings, studies, books, pamphlets, pictures and voice recordings or every other device or medium on which or through which information of any type is to be transmitted, recorded or preserved.  The term "document" also means a copy when the original is not in your possession, custody, or control, and every copy of the document if such copy is not an identical duplicate of the original.

4.  Each request to describe or identify a document shall be deemed to include a request for information sufficient to enable plaintiffs to obtain the documents with a subpoena, including but not limited to the date of the document, a physical description of the document, a brief description of the content of the document, the identity of the custodian of the document, the location of the document, and any title given to the document.  If an interrogatory calls for a description of a document, you may, if you prefer, instead of identifying it, simply attach to your answer a clear copy, front and reverse, of document.

5.  "Oral Statement" means and includes any face to face communication, conversation, meeting, conference or any such communication by telephone, radio, or other means of verbal communication.

6.  In each case in which you are requested to "identify" an oral statement or in which your answer to the interrogatory refers to the "identity" of an oral statement, this is a request to give the identity of the person who made the statement and the persons hearing the statement, and the date, time, and place of its occurrence, and to briefly describe the content of the statement.

7.  "STATE IN FULL DETAIL" means to set out in the fullest detail possible all knowledge or information available to you on the subject.  The words "STATE IN FULL DETAIL" are capitalized so as to emphasize their full scope as so defined.

8.  "You" in these interrogatories refers to the Defendant, and, when appropriate, persons acting at the direction of or on behalf of the Defendant.

## INTERROGATORIES

1. State whether you or any person employed by you or acting on your behalf has ever been the subject of any complaint or proceeding of any nature, administrative, judicial, or otherwise, for violation of federal or state law(s) relating to credit fraud, or under the Fair Credit Reporting Act, 15 U.S.C., § 1681 et seq., or any other provision of the Federal Consumer Credit Protection Act (CCPA), 15 U.S.C. § 1601 et seq, and which occurred during the years 2012 to the present.   If so, please describe in detail the nature and outcome of any such Complaint or proceeding.

2. Describe in detail all facts and circumstances relating to any contacts between Plaintiff and any person employed by and/or connected with Defendant, or any affiliate thereof, which occurred during the period beginning October 1, 2014 and March 13, 2015 and which relate to the matters set forth in Plaintiff's complaint.

3. Describe in detail the policies and procedures of Defendant, which were in force and effect during the period beginning October 1, 2014 and March 13, 2015, with respect to inquiries into credit information of consumers and, in particular, the policies and procedures of Defendant concerning implementation of safeguards and/or procedures to insure authorized use of any hardware or software used to make inquiry regarding consumer credit reports or obtain consumer credit reports.

4. Describe in detail all facts and circumstances relating to each of the inquiries into the consumer credit reports of Plaintiff by the Defendant during the period beginning October 1, 2014 and March 13, 2015, as detailed in Plaintiff's complaint, or which may have occurred, and are not detailed in Plaintiff's complaint, including, but not limited to:

(a) How the inquiry or information was transmitted to any other entity;

(b) Who transmitted the information;

(c) Who received the information;

(d) Who authorized or approved the transmission or inquiry;

(e) When was the inquiry or information transmitted.

5. Describe in detail all facts and circumstances relating to the employment application(s) of the representative(s) of the Defendant who were employed during the period beginning October 1, 2014 and March 13, 2015, and who were responsible for the accessing of Plaintiff's report as produced under Interrogatory 4.

6. Describe in detail the job description and duties of the representative(s) of the Defendant responsible for the accessing of Plaintiff's consumer credit report during the period beginning October 1, 2014 and March 13, 2015.

7. STATE IN FULL DETAIL the name, address, title and duties of the person answering these interrogatories, the place where these interrogatories were answered and all persons present when these interrogatories were answered.

8. STATE IN FULL DETAIL the name, address and job title of each person who was contacted in answering these interrogatories or who provided information relevant to the answering of the interrogatories and the proper designation of each book, document, or record which was searched in answering the interrogatories.

9. STATE IN FULL DETAIL the sequence of events on October 7, 2014, resulting in the Defendant obtaining Plaintiff's credit report.

10. IDENTIFY each of the following persons employed by the Defendant dealership during the period beginning October 1, 2014 and ending March 13, 2015:

a. General Manager;

b. General Sales Manager;

c. Comptroller;

d. Office Manager;

e. F&I Manager.

*/s/ Thomas C. Donald*
Thomas C. Donald
ASB-6795-A47D, DON041
Law Office of Thomas C. Donald, LLC
1707 29th Court South
Birmingham, AL 35209
Phone: 205 985 2309
Email: cdonald@donaldlawfirm.com

ELECTRONICALLY FILED
01-CV-2015-901046.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## CIVIL DIVISION

DONTREL A. MOSELY                    )
                                     )
    Plaintiff,                    )
                                     )
v.                                   )    CASE NO.:
                                     )
JIM BURKE AUTOMOTIVE, INC., an Alabama  )
Corporation;                         )    **PLAINTIFF DEMANDS TRIAL BY**
FICTITIOUS DEFENDANTS Nos. 1 through 10,  )    **STRUCK JURY**
whether singular or plural, that entity or those  )
entities, who or which wantonly negligently,  )
fraudulently or through any actionable conduct,  )
caused or brought about the condition by which  )
Plaintiff was injured;                )
                                     )

    Defendants.

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO DEFENDANT

PLEASE TAKE NOTICE that you are hereby notified and required to produce and permit Plaintiff to inspect and copy the following requests for production, in accordance with the Alabama Rules of Civil Procedure.

## INSTRUCTIONS

In answering these requests, please furnish all information, documents which are available to you, including, without limitation, all documents in the possession of your attorneys, accountants, affiliates, auditors, agents, employees, officers, directors, shareholders, contractors, or other personnel, and not merely such documents as are in your possession.

If you cannot respond to any of the following requests in full, after exercising due diligence to secure documents to do so, please so state, and respond to the extent possible,

specifying all reasons why you are unable or unwilling to respond to the remainder, stating whatever documents you have concerning the unproduced documents, and what efforts you made to secure documents sufficient to allow you to respond fully to the particular request.

DEFINITIONS

1.   "You" includes you personally, your company, entity, institution, agency, subsidiary(ies), parent corporation(s) and/or any of its branches, departments, employees, agents, contractual affiliates, or otherwise connected by legal relationship, in the broadest sense.

2.   "Document(s)" shall mean and include any printed, typewritten, handwritten or otherwise recorded matter of whatever character, including specifically, but not exclusively, and without limiting the generality of the foregoing, letters, diaries, desk and other calendars, memoranda, telegrams, posters, cables, reports, charts, statistics, envelopes, studies, newspapers, news reports, business records, book of account(s) or other books, ledgers, balance sheets, journals, personal records, personal notes, any piece of paper, parchment, or other materials similarly used with anything written, typed, printed, stamped, engraved, embossed, or impressed upon it, accountants statements, accounting records of any kind, bank statements, minutes of meetings or other minutes, labels, graphics, notes of meetings or conversations or other notes, catalogues, written agreements, checks, announcements, statements, receipts, returns invoices, bills, warranties, advertisements, guarantees, summaries, pamphlets, prospectuses, bulletins, magazines, publications, photographs, work-sheets, computer printouts, telex transmissions or receipts, teletypes, telefaxes, file folders or other folders, tape recordings, and any original or non-identical (whether different from the original by reason of any notation made on such copies or otherwise), carbon, photostatic or photograph copies of such materials.  The term "documents" shall also mean and include every other recording of, or means of recording on any tangible form, any form of information, data, communication, or representation, including but not limited to, microfilm, microfiche, any records stored on any form of computer software, audio or video tapes or discs, digitally recorded disks or diskettes, or any other medium whatsoever.

For each "document" responsive to any request withheld from production by you on the ground of any privilege, please state:

- 2 -

(a)     the nature of the document (e.g., letter, memorandum, contract, etc.);

(b)     the author or sender of the document;

(c)     the recipient of the document;

(d)     the date the document was authored, sent, and/or received; and

(e)     the reason such document is allegedly privileged.

4.   "Data" means the physical symbols in the broadest sense, that represent information, regardless of whether the information is oral, written or otherwise recorded.

5.   "Database" or "databank" means any grouping or collection of data field(s) maintained, in any format or order, in any permanent or temporary recorded form.

6.   "Hardware" means the physical components of a computer or any device capable of maintaining recorded data.

7.   "Software" means the entire set of computer programs, procedures, documentation, or other recorded instructions which guide a mechanical device or human in the operation of the computer or mechanical device.

8.   "Computer" means any and all programmable electronic devices or apparatuses, including hardware, software, and other databanks, that can store, retrieve, access, update, combine, rearrange, print, read, process or otherwise alter data whether such data maintained in that device or at some other location.  The term "computer" includes any and all magnetic recordings or systems, systems operating on or maintaining data in digital, analog, or hybrid format, or other mechanical devices, or other devices capable of maintaining writings or recordings, of any kind, in condensed format, and includes any disk, tape, recording, or other informational source, regardless of its physical dimension or size.

10. "Identify" means that you should state:

(a)     any and all names, legal, trade or assumed;

(b)     all addresses used;

(c)     all telephone and fax numbers or email address(es) used;

11.   "Person(s)" means any human being, sole proprietorship, limited partnership, partnership, association, group of human beings, other legal or de facto entity, or corporation, of whatever kind.

12. "Credit worthiness" means any item of information which, in any way, represents or

bears upon the credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living of a person.

13.  "Credit issuer" means any person who extends, purchases or takes assignments of credit to any consumer(s), as the whole or part of their business, regardless of the nature of the arrangement between the consumer and the person issuing credit.

14. "Explain" means to elucidate, make plain or understandable, to give the reason for or cause of, and to show the logical development or relationships thereof.

15. "Describe" means to represent or give an account of in words.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.  Produce a copy of each and every document involving communication(s) or contact(s) between you and the following persons, which occurred during the period beginning October 1, 2014 and ending March 13, 2015, which in any way references Plaintiff, or any allegation or defense asserted in this action:

   a)      Equifax Credit Information Services, Inc., or any affiliates thereof;

   b)      Trans Union Corporation, or any affiliates thereof;

   d)      Experian Information Solutions, Inc., or any affiliates thereof;

   e)      Alabama Central Credit Union, or any affiliates thereof;

   f)      Compass Bank, or any affiliates thereof;

   g)      TD Auto Finance, or any affiliates thereof;

   h)      Acceptance Loan Company, or any affiliates thereof;

   i)      Wells Fargo, or any affiliates thereof;

   j)      SunTrust Bank, or any affiliates thereof;

   k)      Chrysler Capital, or any affiliates thereof;

   l)      Capital One Auto Finance, or any affiliates thereof;

2.  Produce any and all authorizations extended to Defendant by Plaintiff during the period beginning October 1, 2014 and ending March 13, 2015, as contemplated under FCRA

§ 1681b, pertaining to the accessing of Plaintiff's credit report as reflected by the Complaint.

3. Produce your employee manuals, policy manuals, procedure manuals, or other documents, which address your policies, practices or procedures regarding Plaintiff's credit information and/or consumer credit reports which were in force and effect during the period beginning October 1, 2014 and ending March 13, 2015.

4. Produce copies of any and all credit reports received by you during the period commencing on October 1, 2014 and ending March 13, 2015, concerning Plaintiff or which bear any of his personal identifiers. This request includes all data reports, archived reports, current, on-line reports, off-line reports, and any credit score and adverse action codes which you believe were attributed to Plaintiff, or which bear any of his personal identifiers. In connection therewith, please identify the source(s) of each document and each and every individual who has accessed such document.

5. Produce any and all work papers, notes, and documents in the file of any expert witness who is expected to testify, or in the file of the expert who has written a report which is or will be relied upon, in whole or in part, by a testifying expert.

6. Produce any and all expert reports which have been prepared in connection with this lawsuit or the incident giving rise to this lawsuit, if the expert is expected to or may testify in this cause.

7. Produce any and all expert reports that were or will be relied upon, in whole or in part, or which were produced by any expert retained or engaged by you.

8. Produce copies of any statements you have taken or received from any third person in any way connected with the allegations contained in this lawsuit that are not subject to attorney-client privilege or attorney work product privilege, and which are in any way connected with the subject of this lawsuit, and which were made during the period

commencing on during the period commencing on October 1, 2014 and ending March 13, 2015.

9.  Produce all records of communications, agreements and/or contracts between Defendant and the Plaintiff occurring during the time period commencing during the period commencing on October 1, 2014 and ending March 13, 2015, including, but not limited to, internal notations made by Defendant, or its officers, agents, owners and/or employees regarding contacts with plaintiff, all statements, reports, et cetera, handwritten or otherwise transcribed, including, electronic, audio, or video transcription by any individuals.

/s/ Thomas C. Donald
Thomas C. Donald
ASB-6795-A47D, DON041
Law Office of Thomas C. Donald, LLC
1707 29th Court South
Birmingham, AL 35209
Phone: 205 985 2309
Email: cdonald@donaldlawfirm.com

- 6 -

UNITED STATES POSTAL SERVICE

AL 350

19 MAR '15

PM 2 L

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP

FILED IN OFFICE
CIRCUIT CIVIL DIVISION

MAR 2 3 2015

ANNE-MARIE ADAMS
CLERK

ANNE-MARIE ADAMS, CLERK
ROOM 400 JEFF. CO. COURTHOUSE
716 RICHARD ARRINGTON JR BLVD. NO.
BIRMINGHAM, ALABAMA 35203

DOCUMENT 7

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _____

☐ Agent
☐ Addressee

B. Received by (Printed Name)

JOHN GALESE

C. Date of Delivery

3/19/15

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

1. Article Addressed to:

JIM BURKE AUTOMOTIVE, INC.

C/O/ JOHN M. GALESE

800 SHADES CREEK PKWY

SUITE 300, BIRMINGHAM, AL 35209

CV-2015-901146 s/c

3. Service Type
☑ Certified Mail®       ☐ Priority Mail Express™
☐ Registered             ☑ Return Receipt for Merchandise
☐ Insured Mail          ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)       ☐ Yes

2. Article Number
(Transfer from service label)

7014 3490 0001 1262 8767

PS Form **3811**, July 2013        Domestic Return Receipt